1   WO

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                        FOR THE DISTRICT OF ARIZONA

10

11   Sammye A. Richardson; et. al.,           )    No. CV 06-283-TUC-HCE
                                              )
12                                            )    **ORDER**
                    Plaintiffs,               )
13                                            )
     vs.                                      )
14                                            )
                                              )
15   Federal Judge D.C. Bury; et. al.,        )
                                              )
16                  Defendants.               )
                                              )
17   _____

18

19         Plaintiffs have filed a joint Consent to Exercise of Jurisdiction by United States

20   Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Doc. No. 7).  For the following reasons

21   the Court will dismiss Plaintiffs' Amended Complaint.[1]

22   I.      INTRODUCTION & MOTION TO PROCEED *IN FORMA PAUPERIS*

23         This action is brought by Plaintiffs Sammye A. Richardson (hereinafter "Plaintiff

24   SAR") and Michael A. Richardson (hereinafter "Plaintiff MAR") (or collectively

25   "Plaintiffs") who appear *pro se*. The Court has previously granted Plaintiff SAR's Motion

26

27   _____

28         [1]Plaintiffs' Amended Complaint was filed as of right pursuant to Rule 15(a)(1) of the
     Federal Rules of Civil Procedure.

1  to Proceed *in Forma Pauperis*. (Doc.No. 9). The Motion to Proceed *in Forma Pauperis* and

2  Supporting Information bore the signature of only Plaintiff SAR and was unclear whether

3  Plaintiff MAR wished to proceed *in forma pauperis* as well. The Court stayed service of

4  process and directed Plaintiff MAR to indicate whether he wished to proceed *in forma*

5  *pauperis.* (Doc. No. 10). Upon review of Plaintiffs' Response that Plaintiff MAR also seeks

6  *in forma pauperis* status and in light of the record as a whole, the Court grants *in forma*

7  *pauperis* status to Plaintiff MAR as well.  *See* 28 U.S.C. §1915.

8  II.    SCREENING THE COMPLAINT

9         Determination that a plaintiff is unable to pay the requisite costs and fees does not end

10  the analysis.  Pursuant to the *in forma pauperis* statute, the court must dismiss any complaint

11  filed *in forma pauperis* if the court determines that the complaint is frivolous or malicious;

12  fails to state a claim upon which relief can be granted; or seeks monetary relief from an

13  individual who is immune from such relief.  28 U.S.C. §1915(e)(2)(B)(i)-(iii); *see also*

14  *Franklin v. Murphy,* 745 F.2d 1221, 1226-1227 (9th Cir. 1984).

15         A.    Standard

16         A complaint is to contain:

17         (1)    a short and plain statement of the grounds for the court's jurisdiction...;
           (2)    a short and plain statement of the claim showing the pleader is entitled
18                to relief; and
           (3)    a demand for the relief sought, which may include relief in the
19                alternative or different types of relief.

20  Fed.R.Civ.P. 8(a).

21         When the plaintiff is *pro se,* the complaint must be liberally construed in the interests

22  of justice. *See Haines v. Kerner,* 404 U.S. 519, 520 (1972) (*pro se* pleadings are held to "less

23  stringent standards than formal pleadings drafted by lawyers..."); *Johnson v. Reagan,* 524

24  F.2d 1123 (9th Cir. 1975) ("Pleadings should be liberally construed in the interests of justice,

25  particularly when a pleader is not learned in the law.").  Nonetheless, *"[p]ro se* litigants must

26  follow the same rules of procedure that govern other litigants." *King v. Atiyeh,* 814 F.2d 565,

27  567 (9th Cir. 1987); *see also Ghazali v. Moran,* 46 F.3d 52 (9th Cir. 1995) ("*pro se* litigants

28  are bound by the rules of procedure.").

1    It is a well-settled tenet that a complaint must "'give the defendant fair notice of what

2    the...claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly,* 550 U.S.

3    544, 555 (2007).   The Court takes judicial notice[2] that the District Court for the District of

4    Arizona has advised Plaintiffs of this tenet in previous actions. *See, e.g., Richardson et. al.*

5    *v. First American Field Services,* CIV 04-452-TUC-CKJ  (hereinafter "CIV 04-542") (Doc.

6    Nos. 66 (Dec. 20, 2004), 158 (June 24, 2005)) (wherein both SAR and MAR were plaintiffs);

7    *Richardson v. United States Government, et. al.,* CIV 04-334-TUC-FRZ (Doc.No. 5 (July

8    12, 2004)) (wherein SAR was plaintiff); *Richardson v. Judge Oliver Wanger, et. al.,* CIV 03-

9    549-TUC-FRZ  (Doc. Nos. 22 (January 13, 2004), 131 (April 2, 2004)) (wherein SAR was

10   plaintiff).   Furthermore, all allegations of a claim are to be set forth in numbered paragraphs

11   that should be limited to a single set of circumstances. Fed.R.Civ.P. 10(b); *see also* CIV 04-

12   542 (Doc. No. 66) (informing Plaintiffs herein of requirements of Rule 10).   Failure to set

13   forth claims in such a manner places the onus on the court to decipher which, if any, facts

14   support which claims, as well as to determine whether the plaintiff is entitled to the relief

15   sought. *Haynes v. Anderson & Strudwick, Inc.,* 508 F.Supp. 1303, 1307 n.1 (D.C. Va 1981).

16   Enforcement of Rule 10 of the Federal Rules of Civil Procedure is discretionary with the

17   court, but such enforcement is appropriate where it is necessary to facilitate a clear

18   presentation of the claims. *See Benoit v. Ocwen Financial Corp.,* 960 F.Supp. 287 (S.D. Fla.

19   1997) (compliance with rule required where allegations were so confusing, conclusory and

20   commingled that it was impossible to determine nature of claims).

21   When deciding whether the plaintiff has stated a claim, the court must construe the

22

23       [2]Under Rule 201 of the Federal Rules of Evidence, a court may take judicial notice
     of facts that are not subject to reasonable dispute because they are either generally known or
24   capable of accurate and ready determination. *See, e.g., Lee v. City of Los Angeles,* 250 F.3d
     668, 688-690 (9th Cir. 2001))*, impliedly overruled on other grounds as discussed in Gallardo*
25   *v. Dicarlo,* 203 F.Supp.2d 1160, 1162 n.2 (C.D. Cal. 2002).   When deciding whether a matter
     should be dismissed for failure to state a claim "a court may look beyond the plaintiff's
26   complaint to matters of public record." *Shaw v. Hahn,* 56 F.3d 1128, 1129 n.1 (9th Cir. 1995)
27   (citation omitted)).   The court opinions cited are public records capable of accurate and ready
     determination.
28

1   complaint in the light most favorable to the plaintiff; accept all well-pleaded factual

2   allegations as true; and determine whether the plaintiff can prove any set of facts to support

3   a claim that would merit relief. *See Cervantes v. United States,* 330 F.3d 1186, 1187 (9th Cir.

4   2003); *Western Mining Council v. Watt,* 643 F.2d 618, 624 (9th Cir. 1981).   To survive

5   dismissal for failure to state a claim under section 1915(e)(2)(B)(ii), the plaintiff must allege

6   "only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S.

7   at  570; *see also Ashcroft v. Iqbal,* __ U.S. __, 129 S.Ct. 1937, 1949 (2009) ("a complaint

8   must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

9   plausible on its face.'") (*quoting Twombly,* 550 U.S. at 570).   Thus, the factual allegations

10  pled "'must be enough to raise a right to relief above the speculative level." *Williams v.*

11  *Gerber Products Co.,* 552 F.3d 934, 938 (9th Cir. 2008) (*quoting Twombly,* 550 U.S. at 555);

12  *see also SmileCare Dental Group v. Delta Dental Plan of Cal., Inc.,* 88 F.3d 780, 783 (9th

13  Cir. 1996) (a claim may be dismissed because it lacks "a cognizable legal theory" or because

14  it fails to allege sufficient facts to support a claim).   "'[T]he pleading must contain

15  something more...than...a statement of facts that merely creates a suspicion [of] a legally

16  cognizable right of action.'" *Twombly,* 550 U.S. 544, at 555 (*quoting* 5 C. Wright & A.

17  Miller, *Federal Practice and Procedure* §1216, pp. 235-236 (3rd ed. 2004)).   Moreover, the

18  court is not "'bound to accept as true a legal conclusion couched as a factual allegation.'"

19  Ashcroft, __ U.S. __, 129 S.Ct. at 1949-1950 (*quoting Twombly,* 550 U.S. at 556); *see also*

20  *Western Mining Council,* 643 F.2d at 624 (although the complaint is generally construed

21  favorably to the pleader, the court does not accept as true unreasonable inferences or

22  conclusory legal allegations cast in the form of factual allegations).   "Nor does a complaint

23  suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft,*

24  __ U.S. __, 129 S.Ct. at 1949 (*quoting Twombly,* 550 U.S. at 557)).   Furthermore, the

25  complaint must contain a statement of the claim showing that the plaintiff is entitled to relief

26  "rather than a blanket assertion[] of entitlement to relief." *Twombly,* 550 U.S. at 556 n.3.

27  When reviewing a complaint to evaluate whether the plaintiff has stated a claim, the court

28  must determine whether the plaintiff has 'nudge[d] [his or her] claims across the line from

1    conceivable to plausible...." *Id.* at 570.

2         Additionally, a complaint will be dismissed under section 1915(e)(2)(B)(i) as

3    frivolous where there is no arguable basis for relief either in law or fact. *Neitzke v. Williams,*

4    490 U.S. 319, 325 (1989), *superseded on other grounds by* 28 U.S.C. §1915. *See also*

5    *Denton v. Hernandez,* 504 U.S. 25 (1992).   Factual frivolousness includes allegations that

6    are clearly baseless, fanciful, fantastic, or delusional.   *Denton,* 504 U.S. at 32-33 (*citing*

7    *Neitzke,* 490 U.S. at 325, 327, 328).   Furthermore, complaints "'that merely repeat[] pending

8    or previously litigated claims'" may be dismissed as frivolous.  *Cato v. U.S.,* 70 F.3d 1103,

9    1105 n.2 (*quoting Bailey v. Johnson,* 846 F.2d 1019, 1021 (5ᵗʰ Cir. 1988)). Legal

10   frivolousness justifies dismissal under section 1915 where a complaint is based on "an

11   indisputably meritless legal theory...[such as] claims against which it is clear that the

12   defendants are immune from suit, and claims of infringement of a legal interest which clearly

13   does not exist...." *Neitzke*, 490 U.S.  at 327 (internal citation omitted).

14        A complaint is deemed to be malicious if it suggests an intent to vex defendants or

15   abuse the judicial process by relitigating claims decided in prior cases. *Crisafi v. Holland,*

16   655 F.2d 1305, 1309 (D.C. Cir. 1981); *Phillips v. Carey,* 638 F.2d 207, 209 (10ᵗʰ Cir. 1981);

17   *see also Spencer v. Rhodes,* 656 F.Supp. 458, 463 (E.D.N.C. 1987), *aff'd,* 826 F.2d 1059 (4ᵗʰ

18   Cir. 1987); *Sitanggang v. Indymac Bank,* 2009 WL 1286484, *6 (E.D. Cal. May 6, 2009).

19   When determining whether an action is malicious, the Court need not look only to the

20   complaint before it, but may also look to the plaintiff's prior litigious conduct. *Cochran v.*

21   *Morris,* 73 F.3d 1310, 1316 (4ᵗʰ Cir. 1996).   However, "a complaint filed *in forma pauperis*

22   is not subject to dismissal simply because the plaintiff is litigious. The number of complaints

23   a poor person files does not alone justify peremptory dismissal.  In each instance, the

24   substance of the impoverished person's claim is the appropriate measure." *Crisafi ,* 655 F.2d

25   at 1310.

26

27

28

1  In screening the complaint, the court is not to act as counsel or paralegal to *pro se*

2  litigants. *Pliler v. Ford,* 542 U.S. 225, 231 (2004); *Lopez v. Smith,* 203 F.3d 1122, 1131 (9th

3  Cir. 2000).  A *pro se* litigant must be given leave to amend his or her complaint unless it is

4  absolutely clear that the deficiencies of the complaint could not be cured by amendment.

5  *Noll v. Carlson*, 809 F.2d 1446, 1447 (9th Cir. 1987).

6      B.    Plaintiffs' Allegations

7  Plaintiffs name the following Defendants:

8  Federal Judge D C Bury; Federal Judge John M. Rolls [sic]; Judges [sic]
Oliver Wanger; Judge Whitney Rimel; United States Eastern District

9  Hereinafter "EUSDC"; Region 17 for its employee Jeffrey Lodge; California
Law Firm Caswell Bell & Hillison; HAGOP T. Bedoyan "HTB"; Brian

10  Cuttone; David Roberts...collectively with partners "CB&H"; Tanis Duncan
Attorney At Law...; Robert Weiss Incorporated and James Lee Bar...

11  hereinafter collectively "Weiss"; David McEvoy; McEvoy Darcy & Daniels
an Arizona law firm and First American Corp. of Santa Ana; First American

12  Title Insurance Company as Attorney infact [sic] agents and Subsidiaries for
Loanstar Mortgage Services; Lonestar Mortgagee Services, L.L.C.; Wells

13  Fargo Trustee Mortgage Service Company of California...; Beneficiary GMAC
Mortgage Corporation PA.; Assignee Norwest Mortgage Inc.,; GMAC doing

14  business as Ocwen Federal Bank; New Century and Bank One of Chicago its
affiliates, owners, agents or principals hereinafter individually and collectively

15  "FATCO" et al [sic]; Does 1-100.

16  (Amended Complaint, p.1) (original appears in all capital letters).

17  Plaintiffs' Amended Complaint consists of 27 pages which vary between single-

18  spaced and double-spaced lines.  Plaintiffs' Amended Complaint sets forth a "Jurisdictional

19  and statutory statement" wherein the theme of the allegations that run through the Amended

20  Complaint are summarized by Plaintiffs as follows:

21  THIS SUIT IS FILED for due process violation against a victim of unjust
crime first targeted and financially marginalized prior to being named in

22  multiple interstate suits in an alleged scheme to take over their individual
"LLC" held estate under color of defaults in payments with superior

23  knowledge that defaults are a creation of these defendants; and "SAR" is
innocent of the allegations; this scheme is continued with the participation of

24  shopped and or assigned judges; hired litigants acting as a front for the
structure that resembles a "Rico" enterprise, and relief filed as a civil right and

25  constitutional violation claim demanding certification for the same in good
faith.

26

27  (Amended Complaint, p. 2). Following this statement are 9 pages of excerpts from and

28  citation to various statutes and rules, the United States Constitution and Amendments, and

1   case law interspersed with virtually incomprehensible statements most often comprised of

2   a litany of words upon words.  In sum, Plaintiffs allege a conclusory litany of wrongdoing

3   on behalf of Defendants but provide  little, if any, factual allegations–and the factual

4   allegations that are attempted are "so verbose, confused and redundant that [their] true

5   substance, if any, is well disguised."  *Corcoran v. Yorty,* 347 F.2d 222, 223 (9ᵗʰ Cir. 1965).

6    What this Court can discern is that Plaintiffs attempt to state claims under the Due Process

7   Clause and the Racketeering Influenced and Corrupt Organization (hereinafter, "RICO")

8   statute.

9        The Due Process Clause of the Fifth Amendment prohibits the federal government

10  from depriving persons of due process, while the Due Process Clause of the Fourteenth

11  Amendment prohibits deprivations of due process by persons acting under color of state law.

12  *See Bingue v. Prunchak,* 512 F.3d 1169, 1174 (9ᵗʰ Cir. 2008) (noting that the language of the

13  due process clause is identical in each amendment). "The two Clauses should be applied in

14  the same manner when two situations present identical questions differing only in that one

15  involves a proscription against the federal government and the other a proscription against

16  the States."  *Morgan v. Woessner,* 997 F.2d 1244, 1255 (9ᵗʰ Cir. 1993).  To state a claim for

17  a violation of the Due Process Clause, the plaintiff must allege that the defendant denied the

18  plaintiff a specific right protected by the federal constitution, without procedures ensuring

19  fairness (procedural due process), or deliberately abused his power without any reasonable

20  justification in aid of any government interest or objective and only to oppress in a way that

21  shocks the conscience (substantive due process). *Sandin v. Conner*, 515 U.S. 472, 483-484

22  (1995); *Daniels v. Williams*, 474 U.S. 327 (1986). Substantive due process rights are those

23  not otherwise constitutionally protected but which are deeply rooted in this country's history

24  and tradition and "implicit in the concept of ordered liberty, such that neither liberty nor

25  justice would exist if it were sacrificed...." *Washington v. Glucksberg*, 521 U.S. 702, 721

26  (1997) (internal quotation marks and citation omitted).

27        The RICO statute imposes civil liability upon "any person employed by or associated

28  with any enterprise engaged in, or the activities of which affect, interstate or foreign

- 7 -

1   commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's

2   affairs through a pattern of racketeering activity or collection of unlawful debt." 18 U.S.C.

3   § 1962(c); *see also* 18 U.S.C. § 1962(d) ("[i]t shall be unlawful for any person to conspire

4   to violate any of the provisions of subsections (a),(b),(c) of this section."). To state a claim

5   for relief in a private RICO action, Plaintiffs must allege facts that, if proved, would show

6   "'(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.'" *Odom*

7   *v. Microsoft Corp.,* 486 F.3d 541, 548 (9th Cir. 2007) (*quoting Sedima S.P.R.L. v. Imrex,* 473

8   U.S. 479, 496 (1985)). Additionally, Plaintiffs must allege that Defendants entered into a

9   *conspiracy*, the overall objective of which was to conduct an enterprise through a pattern of

10  racketeering. 18 U.S.C. § 1962(d).

11        Plaintiffs, upon citing and quoting the Fifth and Fourteenth Amendments, allege:

12        See public record sale of eighty million dollars worth of properties sold with,
          by and through the help of Fed.'s without compensation to the Plaintiff's [sic]

13        and without jurisdiction to make such negations to sell and impose liens by the
          feds. and State Authorities like the Department of Arizona real estate for

14        imposing false prosecution of convicted Felon Richard Romero's crimes on to
          the estate of the Richardson's.

15        ***

16        Denial of Jury Trial; evidentiary hearings or equal access to Justice for

17        underlying...Illegal conversion by Richard Romero and Walsh 1996 [June 06,
          1997 confirmed by Arizona Attorney General's own words] and the

18        subsequent theft of properties not in the jurisdiction of F-98-5393-oww and
          bankruptcy 02-10465-A-7 and jointly administered cases over properties

19        located in StarrPass by and through StarrPass agents including 1120, 1124,
          1128, 1132, 1136, 1140, 1144, 1148, South Little Buck Loop, 1091 Bill Martin

20        Drive and 12 other properties in StarrPass Tucson Arizona and (3) Kenyon
          Terrace homes located at 704 and 716 South Cynthia, 7585 East Cynthia Drive

21        plus (17) Lots in Tucson Arizona to offer as sample, destroyed "LLC" Rock
          of Gibraltor [See Patsy Andrews, Coldwell Banker Realtor.]

22        ***

23

24        [T]his governs the jurisdictional landscape of this case, calling for an answer
          whether malicious Prosecution, vexatious injunctions; stays and over broad

25        global liens with or without jurisdictions, Bankruptcy pre-mediation,
          unauthorized Tax and Foreclosure sales, Homestead Violations, duplicative

26        claims and Falsification of Bankruptcy claims, were and  are in fact a violation
          of a "Citizens [sic] right under the Constitution."

27  (Amended Complaint, pp. 7, 8, 10) (emphasis omitted).

28

1       Interspersed among citations to and quotations from the RICO statute and various

2   cases, Plaintiffs specifically allege that:

3   •     "'RICO' encompasses both legitimate and illegitimate enterprises. *United States v.*

4         *Turkette,* 452 U.S. 576 (1981) ["'FATCO' escrow and Title license is a front for I.D.

5         theft and quick rich scheme of insider information from disclosure by clients to enable

6         'FATCO' to buy up tax liens then enjoin escrows of targeted victims to take over

7         properties.  See example of 1136 enjoined from sale for the last five years, 'FATCO'

8         holding lien rights on tax sale; see multiple properties where 'FATCO' bought lien

9         rights after stopping pending escrows of 'SAR [sic] properties"];

10  •     Judge Oliver Wanger, Judge Whitney Rimel, FATCO, CB&H "work as associates to

11        disenfranchise 'SAR' from accessing due process and right to claim 'SAR's' own

12        estate";

13  •     "Conspiracy to defraud is offered by a road map in 'CB&H' held record of meeting;

14        conspiracy; planning log"[3];

15  •     "continual pattern of influence purchase from 1996 to date controls all defendants,

16        some for a one year other for two to ten years by their pattern of participation in

17        crime";

18  •     "'RICO' enterprise need not be economially motivated. *National Organization for*

19        *Women, Inc., v. Scheidler,* (510 U.S. 249 (1993) [Judges [Warner, Rimel, Department

20

21

22

---

23      [3]Elsewhere in the Amended Complaint, Plaintiffs state a litany of conclusory
allegations against CB&H which include padding bills, malicious prosecution, "[i]nterception
24 of escrows", defamation, "continual pattern of copy cat abuse", and duplicative case filings.
25 (Amended Complaint, p.16).  In yet another section of the Amended Complaint, Plaintiffs
allege that CB&H "bribed and hired litigants to access the vast estate of innocent parties to
26 gain unjust enrichment; to this end the State of California was a willing participant in the
continuation of this crime;....hired trained and prepared Sanchez to lie, commit perjury,
27 defame and destroy 'SAR'...."and "filed multiple suits against 'SAR' for the same claim....."
28 (Id. at p. 22).

1    of Justice employee[4]]...Lodge employed by Region 17 participated in the management

2    of the creation of insolvency and this management led to the Bankruptcy of 'SAR'";

3   •    the claim is predicated on "[m]ail [f]raud; electronic fraud; telephone fraud pattern

4    can be seen from 1999-March 12, 2003 and June 2003 through September 15, 2003.

5    Then again all through 2004 to November 2005 and continuing till today...all pattern

6    open ended and ongoing]";

7   •    with regard to injury, Plaintiffs allege: "forced out of construction and rental

8    business".

9   (Amended Complaint, pp. 10-12) (emphasis omitted; unless otherwise indicated, brackets

10   appear in original).  Elsewhere in the Amended Complaint under the caption "Complaint",

11   Plaintiffs state:

12       It is alleged that this case is based on underlying loss of over seventy five
         thousand dollars and questions of federal law; that resemble an Enterprise
13       consisting of verified interstate Banking, Insurance, Escrow, Title and national
         kickback scheme Fraud by and through employees of corporations paid for
14       hiring middle men law firms to lay the ground work for a smooth collusion
         through state and federal government agents and agencies with promises of
15       incentives.  The named corporation is now exposed for its structure of bribery
         by four state agencies with fifth New York State doing a criminal
16       investigation.  This influence peddling controls state court cases arising from
         a common occurrence of deep pocket corporation's ability to provide money,
17       incentives and kickbacks in return for favorable default judgments where the
         fraud, document alteration, bank fraud, title fraud, escrow enjoinments and or
18       selective shopping is committed by them and the judges recruited to preside
         are aware of this....
19
     (Id. at pp. 18-19) (emphasis and footnote omitted[5]).
20
         Plaintiffs go on to
21
         allege a conspiracy to bypass the statutory and constitutional rights of a
22       marginalized adversary; by the below listed tactics: Control of jurisdiction

23   _____

24       [4]Plaintiffs refer to these individuals by initial.  For clarity, the bracketed information
     is provided instead.

25
         [5]The footnote omitted from the quotation appears to be a copy of a  newspaper article
26   regarding state agency investigation of at least one of the named defendant corporations.
     Plaintiffs have not alleged sufficient facts to link their claims to such investigation. *See e.g.*
27   *Williams,* 552 F.3d at 938 (factual allegations pled must be enough to raise the right to relief
28   above the speculative level).

- 10 -

through Judge shopping; as a means to cover up fraud; because the exposure
may blow the lid off State and Federal Judges on deep pocket incentive plan.

(Id. at p. 19) Plaintiffs cite rulings from the District Court for the District of Arizona and the

"EUSDC"[6] which  apparently differed from one another regarding fee waivers.  Plaintiffs

state:  "The only way out by the self admitted incompetent 'EUSDC' was to accept denial

of fee waiver with a June 15, 2006 deadline to come up with the money as a technical way

out; with superior knowledge no such compliance is possible on the budget 'SAR' is juggling

with..." (Id.) (emphasis omitted).  Plaintiffs also conclusorily allege that court cases were

"secretly assign[ed]...." and negotiated and that Defendant FATCO "paid Judges; Justices;

---

[6]It is not clear what Plaintiffs mean by reference to "United States Eastern District
Hereinafter 'EUSDC'".  (Amended Complaint p.1).  Although the Court is inclined to
construe such reference to refer to the District Court for the Eastern District of California
given that two of the named Defendant judges preside in that jurisdiction; however, this
construction is not entirely supported by Plaintiffs' allegations because Plaintiffs refer to the
former Chief Judge of Ninth Circuit Court of Appeals.  Plaintiffs describe EUSDC as
follows:

at all times a [sic] during events leading up to this case Federal agency Eastern
District controlled by Mary Schroeder, with a role in cover-up of underlying
common occurrence that has led to (32) cases and bankruptcy pre-mediation;
Jury tampering; Federal collusion with deep pockets; Nepotism and Peer
Pressure altering the outcome of DC#06-15057; DC#02-16129 despite
September 21, 2004 order and because of the exposure of the June 22, 2004
exparte [sic] communication of "FATCO" with Justice Schroeder Chief Judge
of the eastern District resulting in violation of constitutional right to address
ones [sic] own government for grievance of this Plaintiff; unequal access to
Justice leading to unjust gain of the defendants against the weaker involuntary
debtor; weakened by lack of access to justice for the last nine years
marginalizing victims "SAR" through credibility and financial marginalization
as a structure, in the face of clear evidence demanding a matter of law hiring
under exceptional circumstances of State and Federal agents involvement in
cover-up of conspiracy Prima Fascia [sic] Theft and Duplicative Adversarial
Cross-claims leading to conversion under color of Authority justifying grounds
for relief by Judicial sales of abandoned properties facing Tax defaults and
Foreclosures due to escrow interception as a pattern for the last nine years.
For collective culpable acts pursuant to facilitation of violations under Canon
2; Canon 3A(4) and 28 U.S.C. §455 referred to as "EUSDC."

(Amended Complaint, p. 15) (emphasis omitted).

1    hired litigants and their attorneys." (Id. at p. 21).  The "Parties listed as Defendant's [sic]"

2    section of Plaintiffs' Amended Complaint contains a stream-of-conscious litany of alleged

3    acts for some but not all of the named Defendants.  (Id. at pp.12-17).

4            "Threadbare recitals of the elements of a cause of action, supported by mere

5    conclusory statements do not suffice to state a claim." *Ashcroft , __ U.S. __,* 129 S.Ct. at

6    1949.  Although "Rule 8 marks a notable and generous departure from the hyper-technical,

7    code-pleading regime of a prior era,...it does not unlock the doors of discovery for a plaintiff

8    armed with nothing more than conclusions."  *Id.* at __, 129 S.Ct. at 1950.   Moreover,

9    "[w]hile legal conclusions can provide the framework of a complaint, they must be supported

10   by factual allegations." *Id.*

11        The Amended Complaint is devoid of comprehensible factual allegations to support

12   Plaintiffs' claims.  Instead, Plaintiffs' conclusory and redundant assertions make little sense,

13   are non-sequitur, and/or  amount to nothing more than an attempt to recite the formula of

14   RICO[7] and due process claims together with legal conclusions couched as factual allegations.

15

16       [7]Moreover, with regard to Plaintiffs' allegations of "[m]ail fraud; electronic fraud;
     telephone fraud..." upon which their RICO claim is predicated (Amended Complaint, pp. 11-
17   12),  Rule 9(b) "'requires the identification of the circumstances constituting fraud so that
18   the defendant can prepare an adequate answer from the allegations.'" *Odom,* 486 F.3d at 554
     (*quoting Schreiber Distrib. Co. v. Serv-Well Furniture Co.,* 806 F.2d 1393, 1400 (9th Cir.
19   1986)).   Plaintiffs "'must state the time, place, and specific content of the false
20   representations as well as the identities of the parties to the misrepresentation.'" *Id.* (*quoting
     Schreiber Distrib. Co.*, 806 F.2d at 1401).  Although the factual circumstances of the fraud
21   itself must be alleged with particularity, Plaintiffs may allege the state of mind, or scienter,
22   of the defendants generally.  *Id.* (citation omitted).  "'[A] wire fraud violation consists of (1)
     the formation of a scheme or artifice to defraud; (2) use of the United States wires or causing
23   a use of the United States wires in furtherance of the scheme; and specific intent to deceive
     or defraud.'"  *Id.* (*quoting Schreiber Distrib. Co.,* 806 F.2d at 1400).  The elements of mail
24   fraud differ only in that they involve the use of the United States mails rather than wires. *See*
25   18 U.S.C. § 1341.  "The only aspects of wire [and mail] fraud that require particularized
     allegations are the factual circumstances of the fraud itself."  *Odom,* 486 F.3d. at 554.
26   Although Plaintiffs cite Fed.R.Civ.P. 9(b) for the premise that "issue of fraud or mistake
27   must be detailed....", (Amended Complaint, p. 3), Plaintiffs have failed to plead with the
     requisite specificity under Rule 9(b) that any of Defendants' representations were fraudulent.
28   Nor does Plaintiffs' reference to ranges of time periods in which the mail and wire fraud

1   Nor does Plaintiffs' litany of conclusory statements throughout their entire Amended

2   Complaint provide Defendants fair notice of Plaintiffs' claims and/or the grounds upon

3   which they rest.  In sum, Plaintiffs' Amended Complaint fails to state a claim upon which

4   relief may be granted.

5          B.      Judicial Immunity

6          Plaintiffs name several federal district judges and bankruptcy judges as Defendants.

7   Plaintiffs' allegations against the named Defendant judges from the District of Arizona

8   include allegations that the judges reached different rulings in "like cases..." resulting in

9   "unequal justice without jurisdiction over Plaintiff's 'LLC'"...with intent to harm Petitioner"

10  and "malicious prosecution....." (Amended Complaint, p.13).  Plaintiffs also allege that one

11  of the named Defendant judges defamed Plaintiffs during proceedings pending before him

12  by "alleging bad faith for 'SAR' asking for a fee waiver...."  (Id. at pp.19-20).

13         Plaintiffs allege that "Federal Judge Oliver Wanger" is married to someone who "may

14  have gone to school with some named [D]efendants from..." CB&H.  (Id.)  They also list a

15  litany of actions including "[j]ury tampering, federal collusion with deep pockets and the

16  giving of unequal justice without jurisdiction....marginalizing...'SAR'...presiding over

17  malicious prosecution...concealment of evidence....."  (Id. at pp. 13-14).

18         Plaintiffs allegations against Bankruptcy Judge Whitney Rimel are similar to those

19  lodged against Judge Wagner, with the exception of the allegations relating to Judge

20  Wagner's spouse. (Id. at pp. 14-15).  Additionally, Plaintiffs allege that false testimony was

21  given during the bankruptcy proceedings pending before Judge Rimel whose "job was to

22  ensnare 'Rock' and the 'SAR' children and the family jewels as a tactic of shakedown

23  without jurisdiction it was a crime and all damages by control over non parties subject of

24  _____

25  occurred suffice to state with specificity the time, place and specific content of Defendants'
    allegedly fraudulent representations.  Nor have Plaintiffs sufficiently alleged which of the
26  Defendants allegedly participated in such fraud. The Court's decision to dismiss the
    Amended Complaint is not based on Plaintiffs' failure to plead mail and wire fraud with
27  particularity.   However, this is just another example of the defects in the Amended
28  Complaint.

1 restitution."  (Id. at p. 25)

2       Plaintiffs also refer to the named Defendant judges as "individual[s] for lack of

3 discretional jurisdiction over non-jurisdictional matters..." and/or "over non- jurisdictional

4 'LLC' and...family properties...."  (Id. at pp. 13-15).

5       What the Court is able to glean from Plaintiffs' allegations is that Plaintiffs' current

6 action is, in part, an attempt to appeal rulings made by all of the named Defendant judges

7 herein and by the "United States Eastern District".

8       "Few doctrines were more solidly established at common law than the immunity of

9 judges from liability for damages for acts committed within their judicial jurisdiction...."

10 *Pierson v. Ray,* 386 U.S. 547, 553-554 (1976), *overruled on other grounds, Harlow v.*

11 *Fitzgerald,* 457 U.S. 800 (1982).  "'The judicial or quasi-judicial immunity available to

12 federal officers is not limited to immunity from damages, but extends to actions for

13 declaratory, injunctive and other equitable relief.'" *Moore v. Brewster,* 96 F.3d 1240, 1243-

14 1244 (9th Cir. 1996), *superseded by statute on other grounds as discussed in Meinhold v.*

15 *Sprint Spectrum, L.P.,* 2007 WL 1456141 (E.D. Cal. May 16, 2007), (*quoting Mullis v.*

16 *Bankruptcy Court for the District of Nevada,* 828 F.2d 1385, 1394 (9th Cir. 1987)).

17 Allegations of legal error do not deprive judicial officers of such immunity.  *Id.* at 1244.

18 "This immunity applies, 'however erroneous the act may have been, and however injurious

19 in its consequences it may have proved to the plaintiff.'" *Id.* (*quoting Cleavinger v. Saxner,*

20 474 U.S. 193, 199-200 (1985)); *see also Stump v. Sparkman,* 435 U.S. 349, 355-356 (1978)

21 ("A judge will not be deprived of immunity because the action he took was in error, was

22 done maliciously, or was in excess of his authority...."); *Sun v. Forrester,* 939 F.2d 924, 925-

23 926 (11th Cir. 1991) (where judge's alleged derogatory remarks occurred during the context

24 of court proceedings, judicial immunity barred suit against him).

25       Furthermore, to the extent that Plaintiffs attempt to allege some kind of conspiracy

26 among some or all of the named Defendant judges and/or other named Defendants, judicial

27 immunity is not "lost by allegations that a judge conspired with one party to rule against

28 another party: 'a conspiracy between [a] judge and [a party] to predetermine the outcome of

- 14 -

1  a judicial proceeding, while clearly improper, nevertheless does not pierce the immunity

2  extended to judges....'" *Id.* (*citing Ashelman v. Pope,* 793 F.2d 1072, 1078 (9th Cir. 1986)).

3  On the instant record, Plaintiffs' allegations that multiple judges from multiple jurisdictions

4  are colluding in cases filed by and against Plaintiffs are subject to dismissal as wholly

5  irrational, incredible and fanciful. *Denton,* 504 U.S. at 33. This is especially so given that

6  at least one court has expressly found as "bad faith conduct" Plaintiffs' practice of filing

7  suits against judges with whose ruling Plaintiffs disagree. *Richardson et. al. v. Ninth Circuit*

8  *Court of Appeal,* 2007 WL 39429 at *3 (E.D. Cal. January 5, 2007).

9       Only two sets of circumstances limit judicial immunity: (1) nonjudicial actions; and

10  (2) actions, though judicial in nature, taken in complete absence of jurisdiction. *Moore,* 96

11  F.3d at 1244 (*citing Stump,* 435 U.S. at 356-357, 360). With regard to the latter, the

12  Supreme Court has given the following illustration of the difference between an act in the

13  clear absence jurisdiction to which immunity does not apply and an act in excess of

14  jurisdiction to which immunity applies:

15       if a probate judge, with jurisdiction over only wills and estates, should try a
     criminal case, he would be acting in the clear absence of jurisdiction and
16       would not be immune from liability for his action; on the other hand, if a judge
     of a criminal court should convict a defendant of a nonexistent crime, he
17       would merely be acting in excess of his jurisdiction and would be immune.

18  *Stump,* 435 U.S. at 357 n.7 (*citing Bradley v. Fisher,* 80 U.S. (13 Wall.) 335, 351 (1872)).

19       To the extent that the Court is able to decipher Plaintiffs' allegations, the Court

20  construes such allegations liberally to allege that the named Defendant judges lacked

21  jurisdiction.[8] However, Plaintiffs' allegations show that the named Defendant judges were

22

23       [8]The following is one example of Plaintiffs' allegations as to how named Defendant
     judges acted without jurisdiction:
24       When "SAR" is the defendant as in the case in CV 03-491-TUC where "SAR"
25       entity "ROCK" is a named defendant; on the date of the suit "ROCK" was in
     the control of the bankruptcy court, who around September 2004 admitted to
26       have rendered a [sic] order TGM-12 that claimed to have abandoned "ROCK"
     without explanation, if the abandonment was legitimate; would Trustee have
27       sold all "ROCK" assets and "SAR" have to fight with SAR-31-SAR-45 to get
28       release of "ROCK" property and why TGM-1-11 and TGM-13-27 filed. On

- 15 -

1   acting within their judicial capacity while presiding over court proceedings and that Plaintiffs

2   disagreed with rulings entered in those cases. Plaintiffs' "'naked assertion[s]"... that the

3   named Defendant judges lacked jurisdiction over such proceedings "are devoid of further

4   factual enhancement" to state a claim for relief that is plausible on its face. *Ashcroft,* __ S.Ct.

5   __, 129 S.Ct. at 1949.  Consequently, the allegations of the Amended Complaint do not

6   defeat  application of judicial immunity.  Therefore,  Plaintiffs' claims against the named

7   Defendant judges are properly dismissed pursuant to 28 U.S.C. §1915. *Sun,* 939 F.2d at 925-

8   926 (because judicial immunity applied, the plaintiff's *in forma pauperis* action was

9   "completely without a legal basis, and the district court properly dismissed this case prior to

10  service of process" pursuant to 28 U.S.C. §1915); *Moore v. Burger,* 655 F.2d 1265 (D.C. Cir.

11  1981) (where defendant judges were entitled to judicial immunity, "complaint was therefore

12  completely frivolous and was properly dismissed" pursuant to 28 U.S.C. §1915).

13  ///

14  ///

15  ///

16  ///

17  ///

18  ///

19  ///

20  ///

21

22
        or before the date of the filing CV-491-TUC, no contact exists by and between
23      of any relationship of the alleged hired Litigants to ROCK GIBRALTOR LLC
        HEREINAFTER "ROCK"...On the flip side in CV 05-485 defendants did not
24      raise lack of jurisdiction or bother to response [sic] to a clear precise complaint
        filed by "SAR" with the judge calling an appeal for default for verified losses
25      caused by the named defendants of CV 05-485 "Bad Faith" and failing to
26      certify the Appeal and fee waiver despite contradiction with his own prior
        order and precedence to support fee waiver granting under these circumstances
27      by every court including the Supreme Court.

28  (Amended Complaint, p.3, n.2) (ellipses in original; boldface emphasis omitted).

1    C.    Dismissal[9]

2    The Court takes judicial notice that the District Court for the District of Arizona has

3 previously noted that Plaintiffs, "[u]nable to obtain favorable rulings in other legal actions

4 or appellate review of other legal actions,...have attempted to set forth causes of action based

5 on those other legal actions against these and similar defendants in CIV 02-495-TUC-WDB;

6 CIV 03-549-TUC-FRZ; CIV 04-334-TUC-FRZ, and..." CIV 04-542.[10]  CIV 04-542 (Doc.

7

8    [9]"A Magistrate Judge may not deny an application to proceed *in forma pauperis* or
issue an Order dismissing a case [under the *in forma pauperis statute*] without the consent
9 of plaintiff." *Recht v. Templin,* 2007 WL 2572210, n.1 (N.D. Cal. Sept. 5, 2007) (*citing*
10 *Tripati v. Rison,* 847 F.2d 548 (9th Cir. 1988)); *see also* LR Civ. 72.2(a)(4), Rules of Practice
of the U.S. District Court for the District of Arizona ("Subject to the Constitution and laws
11 of the United States, Magistrate Judges in the District of Arizona shall...[m]ake
12 determinations and enter appropriate orders pursuant to 28 U.S.C. § 1915 with respect to any
suit, action, or proceedings in which a request is made to proceed *in forma pauperis*
13 consistent with federal law except that a Magistrate Judge may not deny a request for *in
forma pauperis* status unless the person requesting such status has expressly consented in
14 writing to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c)."). Consent from
15 defendants who have not been served is unnecessary in this case because unserved
defendants are not deemed to be "parties" under 28 U.S.C. § 636(c). *Neals v. Norwood,* 59
16 F.3d 530, 532 (5th Cir. 1995) (magistrate judge had jurisdiction to dismiss action as frivolous
without consent of defendants because defendants had not been served yet and therefore were
17 not parties); *see also Walters v. Astrue,* 2008 WL 618933 * 2 n.6 (N.D. Cal. Mar. 4, 2008)
18 (granting motion to proceed *in forma pauperis* and dismissing complaint pursuant to 28
U.S.C. § 1915(e)(2) where plaintiff consented to magistrate judge, and noting that consent
19 of unserved defendants was not required under such circumstances); *Trujillo v. Tally,* 2007
20 WL 4261928 (D. Idaho Nov. 30, 2007) ("The Court does not need to obtain consent from
defendants who have not been served because they are not 'parties' under the meaning of 28
21 U.S.C. § 636(c).").

22    [10]Other Courts have made similar observations.  *See Richardson et al. v. First
23 American Title Insur. Co., et. al.,* 2008 WL 4370113 (C.D. Cal. Sept. 24, 2008) (noting that
"[s]ince entry of judgment in this case on March 5, 2002, the Richardsons have filed scores
24 of documents, which are largely unintelligible, making groundless accusations against
25 judicial officers of the Circuit, District, and Bankruptcy Courts.  The Richardsons refuse to
follow orders limiting their prolix filings and have vexatiously multiplied the proceedings
26 in the District and Bankruptcy Courts.); *Richardson,* 2007 WL 39429 at *3 (denying
27 Plaintiffs SAR and MAR leave to amend complaint "because it appears that Plaintiffs are
engaged in the bad faith conduct of suing judges and courts after they issue rulings that
28 Plaintiffs do not agree with in an attempt to have them disqualified or recused from ongoing

1   No. 158 (June 24, 2005)) (dismissing with prejudice Plaintiffs' fourth amended complaint

2   wherein Plaintiffs attempted, *inter alia,* to state a RICO claim).  The same is true for the

3   instant case as well.  Furthermore, Plaintiffs have previously received from the District Court

4   for the District of Arizona specific instruction with regard to the requirements of Rule 8 of

5   the Federal Rules of Civil Procedure.  *See* CIV 04-542.[11]  Plaintiffs have also received

6   specific instruction for stating a RICO claim against many of the same Defendants as named

7   herein, have been provided opportunities to set forth such a cause of action, and have met

8   with dismissal for failure to state such a claim.  *See* CIV 04-452.[12] The District Court for the

9   District of Arizona has specifically found that Plaintiff SAR is not an inexperienced litigant.

10

11   or future cases" and noting that "Plaintiffs are also displeased with the Ninth Circuit for
12   issuing an order prohibiting Plaintiffs from filing new appeals or petitions without permission
     of the court...and have sued the Ninth Circuit as well."); *see also Richardson et. al. v. Ninth*
13   *Circuit Court of Appeal,* 2007 WL 587010 (E.D. Cal. Feb. 23, 2007) (denying Plaintiffs'
14   motion for reconsideration of 2007 WL 39429).

15       [11]Plaintiff SAR also previously received similar instruction in other actions.
     *Richardson v. United States Gov't. et. al.,* CV 04-334-TUC-FRZ (Doc. No. 5 (June 12,
16   2004)) (noting that "[i]t is not possible to decipher from the Complaint what Plaintiff's actual
     claims are and against which named defendants they are alleged", and dismissing complaint
17   without leave to amend for failure to comply with Fed.R.Civ.P. 8(a) and 9(b) and because
18   "Plaintiff is unable to establish a factual basis which would support a claim to entitle Plaintiff
     to relief...."); *Richardson v. Judge Oliver Wanger, et. al.,* CIV 03-549-TUC-FRZ (Doc. No.
19   131 (April 1, 2004)) (dismissing amended complaint where Plaintiff had been warned of the
20   requirements of Fed.R.Civ.P. 8 and Plaintiff failed to so comply in that, *inter alia*, "[i]nstead
     of presenting 'simple, concise, and direct' averments as required by Rule 8...,
21   Richardson's...[seventh attempt to amend the complaint] is 'so verbose, confused and
22   redundant that its true substance, if any, is well disguised.' *Corcoran v. Yorty,* 347 F.2d 222,
     223 (9th Cir. 1965).").

23

24       [12]This Court does not invoke the doctrine of res judicata. *See, e.g., Denton,* 504 U.S.
25   34 (discussing res judicata effect of dismissals under section 1915). Nonetheless, Plaintiffs'
     litigation history cannot be ignored. Moreover, although the Court refrains from making such
26   a finding here, Plaintiffs' litigation history noted herein lends support to the inference that
     Plaintiffs are engaged in the  scheme of filing malicious and vindictive legal actions without
27   legal merit. *See e.g. Cochran,* 73 F.3d at 1316 (when considering whether action is
28   malicious, court may look to the plaintiff's prior litigious conduct).

1   *See Richardson v. Caswell Bell and Hillison, et. al.*, CIV 05-485-TUC-DCB (Doc. No. 57

2   (December 14, 2005)) (*citing* CIV 02-495-TUC-WDB; CIV 03-549-TUC-FRZ; CIV 04-334-

3   TUC-FRZ; CIV-04-542-TUC-CKJ; CIV 99-17-TUC-JMR).   Yet, Plaintiffs' Amended

4   Complaint is no closer to a comprehensible document than those filed in previous actions.

5   Instead, this latest action is another in a long history of attempts to lodge unintelligible claims

6   against many of the same defendants as named herein including a growing list of judges with

7   whose rulings Plaintiffs disagree and who are immune from suit. *See, e.g., Richardson,* 2007

8   WL 39429 at *3; CIV 04-542.  Under such circumstances, it is absolutely clear that leave to

9   amend to comply with Rule 8 and to state a claim would be futile.  *See Lopez,* 203 F.3d at

10   1127; *Noll*, 809 F.2d at 1448 (*citing Broughton v. Cutter Labs*., 622 F.2d 458, 460 (9th Cir.

11   1980)).

12         Accordingly, for the foregoing reasons,

13         IT IS ORDERED that Plaintiff Michael A. Richardson is GRANTED leave to proceed

14   *in forma pauperis* pursuant to 28 U.S.C. § 1915(a).

15         IT IS FURTHER ORDERED that the Amended Complaint and this action  are

16   DISMISSED.  The Clerk of Court is DIRECTED to enter judgment accordingly and to close

17   its file in this matter.

18         DATED this 19th day of June, 2009.

19

20         _____

21                Héctor C. Estrada
              United States Magistrate Judge

22

23

24

25

26

27

28